Electronically Filed
Supreme Court
SCWC-12-0000763
21-APR-2016
10:40 AM

SCWC-12-0000763

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

LOGAN I. FRANCO,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000763; CASE NO. 2DTA-11-00364)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Logan I. Franco seeks

review of the Intermediate Court of Appeals' (ICA) July 9, 2015

Judgment on Appeal, entered pursuant to its May 28, 2015 Summary

Disposition Order, as corrected on July 9, 2015, which affirmed

the District Court of the Second Circuit's (district court)

Notice of Entry of Judgment and/or Order and Plea/Judgment entered on July 31, 2012.[1]  The district court found Franco guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaiʻi Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2012).[2]  We accepted Franco's Application for Writ of Certiorari, and we now vacate the ICA's Judgment on Appeal and the district court's Judgment and remand the case to the district court for further proceedings.

After being arrested for OVUII, Franco was read an implied consent form.[3]  Franco elected to take a breath test,

_____

[1]    The Honorable Blaine J. Kobayashi presided over Franco's motion to suppress evidence and the Honorable Kelsey T. Kawano presided over Franco's trial.

[2]    HRS § 291E-61(a)(3) provides in relevant part:

(a)   A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

(3)   With .08 or more grams of alcohol per two hundred ten liters of breath. . . .

[3]    The form, titled "Operating a Vehicle Under the Influence of an Intoxicant Implied Consent," stated in relevant part:

1. ____   Any person who operates a vehicle upon a public way, street, road or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the person's breath, blood, or urine as applicable.

2. ____   You are not entitled to an attorney before you submit to any test or tests to determine your alcohol and/or drug content.

3. ____   You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol

2

which resulted in a breath alcohol content reading of 0.081 grams of alcohol per 210 liters of breath.  Franco filed a motion to suppress the breath test result on the basis that his Fourth Amendment rights (among other constitutional rights) were violated.  The district court denied the motion.  The ICA affirmed the district court's denial of Franco's motion to suppress, relying on its opinion in State v. Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014).  On certiorari, Franco contends that (1) his breath test result was obtained in violation of his constitutional and statutory rights to counsel; (2) the district court's admission of certain foundational exhibits violated Franco's confrontation rights; (3) the ICA erred in holding Franco waived his right to be present at trial; and (4) Franco's breath test result was insufficient to sustain an OVUII conviction.  Franco noted in his Application that this court had accepted certiorari in State v. Won, SCWC-12-0000858.

In State v. Won, No. SCWC-12-0000858, 2015 WL 10384497, at *16 (Haw. Nov. 25, 2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may

concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given, except as provided in section 291E-21.  However, if you refuse to submit to a breath, blood or urine test, you shall be subject to up to thirty days imprisonment and/or a fine of up to $1,000 or the sanction of 291E-65, if applicable.  In addition, you shall also be subject to the procedures and sanctions under Chapter 291E, part III.

only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with Won, the result of Franco's breath test was the product of a warrantless search, and the ICA erred in concluding that the district court properly denied Franco's motion to suppress the breath test result. Accordingly, Franco's OVUII conviction cannot be upheld.

IT IS HEREBY ORDERED that the ICA's July 9, 2015 Judgment on Appeal and the district court's Judgment are vacated, and the case is remanded to the district court for further proceedings consistent with this court's opinion in Won.

DATED:  Honolulu, Hawaiʻi, April 21, 2016.

| | |
|---|---|
| Jonathan Burge<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Artemio C. Baxa<br>for respondent | /s/ Michael D. Wilson |

